### JACKSON BANKING COMPANY *et al. v.* MAYS *et al.*

The evidence in regard to the misconduct of one of the defendants in handing to the bailiff in charge of the jury and in their presence a carton of cigarettes purchased by that party, though he may have expected to be reimbursed later by the bailiff or the jury, was such as to require the grant of a new trial in this case, independently of the acts of another defendant in delivering to the bailiff a bottle of whisky, which apparently was not delivered to the jury, and of which the jury seems to have had no knowledge, as the bailiff failed to deliver it to them.

No. 6323. May 17, 1928.

Equitable petition. Before Judge Searcy. Butts superior court. October 15, 1927.

*Joel B. Mallet* and *W. E. Watkins,* for plaintiff.

*H. M. Fletcher* and *C. L. Redman,* for defendants.

BECK, P. J. The Jackson National Bank, Jackson Banking Co., and numerous other parties brought their equitable petition against J. B. Mays, Mrs. Martha Mays, J. B. Mays as guardian of Robert G. Mays and J. B. Mays Jr., minors, J. R. Strickland, and R. G. Strickland. The plaintiffs are creditors of J. B. Mays, and are seeking to set aside four deeds made by him: one to his wife, Martha Mays, one to himself as guardian of Robert G. and J. B. Mays Jr., one to J. R. Strickland, his brother-in-law, and one to R. G. Strickland, the father-in-law of J. B. Mays. The case was tried, and by consent of counsel for both parties separate verdicts were rendered on the four deeds. The jury found for the plaintiffs and set aside the two deeds made to R. G. and J. R. Strickland, but returned a verdict in favor of the deeds made to

the other two defendants; and separate judgments were taken accordingly. The plaintiffs made a motion for a new trial, in which they seek to set aside the verdict in favor of J. B. Mays, Mrs. Martha Mays, and J. B. Mays, guardian. The motion as amended was overruled, and the plaintiffs excepted.

The original motion for a new trial consists of the usual general grounds. In the amendment are certain grounds complaining of alleged misconduct on the part of two of the defendants, J. B. Mays and J. R. Strickland. In substance, the misconduct was in furnishing a carton of cigarettes to the jury, and in furnishing to the bailiff of the jury a bottle of whisky to be delivered to the jury. It is alleged that J. B. Mays furnished the cigarettes and J. R. Strickland the liquor. There is no evidence that the jury received the whisky or drank any of it. The evidence upon the subject tends very strongly to show that although Strickland intended the whisky for the jury, the bailiff did not deliver it, but drank it himself, and became so intoxicated that he was scarcely conscious of what he was doing or of his relations to the jury. Proceedings to punish Strickland for his improper conduct were afterwards instituted, but he was never arrested, and, so far as the record shows, has up to date made good his escape. Mays denied that he furnished cigarettes to the jury. The evidence shows that in the evening of the day of the trial the jury were carried by the bailiff to the front of a drug-store, where they stopped and rested for awhile. While they were there J. B. Mays made some jocular remarks to a member of the jury, and went into the drug-store and brought out a carton of cigarettes, which he handed to the bailiff. Certain of the jurors did not observe that Mays had brought out this package. None of them could know exactly what was in the package, but the package was handed to the bailiff and was afterwards opened and the cigarettes distributed to several members of the jury. Certain of the jurors did not smoke, and some did not know where the cigarettes came from, but others did know that the cigarettes came from a package like the package which Mays had handed to the bailiff. They all deposed that they did not know that Mays was furnishing the cigarettes. But that several members of the jury knew that Mays had brought out the package, which was opened and which contained cigarettes, is a necessary inference from the evidence in the case. No contribu-

tion was taken among the jury to pay for these cigarettes. Mays made affidavit that he stated to the bailiff that the cigarettes cost $1.45, and that he expected the bailiff or some one to pay him for them; that he was not giving the cigarettes to the jury. But as a matter of fact the jurors did not pay for the cigarettes, and several of those who smoked them must have known that they came from Mays. The jury were probably innocent of any wrongful intention. Mays himself may have intended merely to comply with the request of the bailiff to get some cigarettes, paying for them himself and expecting the bailiff to repay him. The bailiff himself may have had no positively wrongful intentions, but he accepted the whisky which was tendered to him by Strickland, and then, when he was suffering intensely with toothache, drank the liquor. And we need not, so far as the setting aside of the verdict is concerned, consider the gift of whisky to the bailiff as material. Omitting all consideration of that incident in the trial, we are of the opinion that the conduct of J. B. Mays in furnishing cigarettes in the presence of the jury, and which were to be used by the jury, is sufficient cause for setting aside this verdict. The learned and upright trial judge who heard this motion reached the conclusion that the misconduct on the part of Mays did not require the setting aside of the verdict, but we are compelled to differ with him on that question. A dissertation upon the absolute necessity of guarding the sacredness of jury trials is not necessary. That subject has been discussed in numerous opinions handed down by this court. It is unnecessary to make lengthy extracts or quotations from them. They can easily be reviewed by members of the bar or by others who are interested in the question. We are of the opinion, that, in view of those decisions and the reasons underlying them, the misconduct of J. B. Mays, a party to the case on trial, the verdict in favor of the deeds to his wife and to himself as guardian of his minor children should be set aside. He was a party to the case, a necessary party. While perhaps he had no monetary interest as a result of the verdict, as the deeds were in favor of his wife and his children, this suit attacked his conduct in the making of those deeds and charged him with fraud in their execution. He had a real interest in upholding those deeds, independently of monetary considerations to himself. He was guilty of gross misconduct with reference to the jury,—

conduct that can not be sanctioned. And we do not think it has been made sufficiently to appear that some members of the jury were not influenced by his misconduct. The judgment refusing a new trial is therefore reversed; and it is unnecessary to discuss the question whether or not there was sufficient evidence to support the verdict. That question will be involved in the next trial.

*Judgment reversed.   All the Justices concur.*